**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3289
_____

XING WU HE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-341-502)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2014

Before:  CHAGARES, GARTH and SCIRICA, Circuit Judges

(Opinion filed: March 4, 2014)
_____

OPINION
_____

PER CURIAM

1

Xing Wu He, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals (the "Board") denying his motion to reopen. For the reasons that follow, we will deny the petition for review.

I.

After He unlawfully entered the United States with a fraudulent passport in 2000, he was served with a Notice to Appear ("NTA") and charged with removability. He appeared before an Immigration Judge ("IJ") in May, 2001, where he admitted the factual allegations of the NTA and conceded removability. He then applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), based on a claim of his girlfriend's forced abortion in China. The IJ denied his application, deemed it frivolous, and ordered him removed to China. (A.R. 254.) On January 29, 2003, the Board dismissed He's appeal with respect to the IJ's denial of his application but sustained it as to the frivolousness finding. (A.R. 225-26.) He did not file a petition for review of that decision.

On April 18, 2003, He filed the first of four motions to open, which were all denied by the Board.[1] The Board's denial of his fourth motion to reopen, filed on June 13, 2013, is the subject of the instant petition for review.[2] He argued that his

---

[1] He did not petition for review of any of those decisions, save the fourth.

[2] He characterized his fourth motion as one for reconsideration, but the Board deemed it a

2

participation in, and subsequent conversion to, Christianity in 2011 was a changed circumstance that would excuse the time and number limitations for filing a motion to reopen. The Board disagreed, denying He's motion to reopen as untimely, number-barred, and for failure to submit an application for relief. Additionally, the Board concluded that the evidence He submitted did not reflect changed conditions in China "pertinent to [his] recent conversion to Christianity or the treatment of Christians similarly situated to [him] since the hearing in 2001." (A.R. 3.) He now seeks review of the BIA's decision denying his fourth motion to reopen.

## II.

We have jurisdiction to pursuant to 8 U.S.C. § 1252(a) to review the Board's denial of He's motion to reopen, and we apply the abuse of discretion standard to our review. See Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). The Board's decision is entitled to "broad deference," Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003) (internal quotation marks and citation omitted), and "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004) (citation omitted).

With limited exceptions, a motion to reopen must be filed within ninety days of the date of entry of a final administrative order, and an alien is only permitted to file one motion to reopen. See 8 U.S.C. § 1229a(c)(7). It is undisputed that He's motion to

motion to reopen. (A.R 3.) He has not challenged that determination.

reopen (his fourth) was untimely. Therefore, to circumvent the time restriction, He had to provide material evidence of changed conditions in China that could not have been discovered or presented during the previous proceeding. 8 U.S.C. § 1229a(c)(7)(C)(ii). The burden of proof on a motion to reopen is on the alien to establish eligibility for the requested relief. See Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010).

He argues the he "meaningfully identified the changed condition in the country of his nationality." (Pet'r Br., p. 17.) However, the 1998 China Profile on Asylum Claims, (A.R. 310), indicated general mistreatment of Christians in China, including government efforts to suppress unregistered religious groups. The 2011 Religious Freedom Report, (A.R. 21-22), noted the same general mistreatment, even as the number of people engaging in Christianity steadily increased. This evidence reflects that the conditions in China with respect to practicing Christians remained the same, and may even have improved, from the time of He's 2001 hearing until he filed his motion to reopen. He has not met his burden of proving that the Board's decision was arbitrary, irrational, or contrary to law. Guo, 386 F.3d at 562. The only change in circumstances He could demonstrate is personal, given that his participation in Christianity began in 2010, culminating in his conversion in 2011. That does not suffice to excuse the time and number limitations on his motion to reopen. See Liu v. Att'y Gen., 555 F.3d 145, 151 (3d Cir. 2009).

4

Because He did not meet the standard set forth in § 1229a(c)(7)(C)(ii), the Board did not abuse its discretion in denying his motion to reopen and we will deny the petition for review.